UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:15-cr-00134-TLN |
| Plaintiff, | |
| v. | **ORDER** |
| LONDON JAMAL WEBB, | |
| Defendant. | |

This matter is before the Court on Defendant London Jamal Webb's ("Defendant") Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2). (ECF No. 145.) The Government filed an opposition. (ECF No. 146.) Defendant filed a reply. (ECF No. 149.) For the reasons set forth below, the Court DENIES Defendant's motion.

///

///

///

///

///

///

1

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

On October 14, 2021, Defendant pleaded guilty to a single count Superseding Information charging conspiracy to interfere with interstate commerce by robbery in violation of 18 U.S.C. § 1951(a).  (ECF Nos. 133, 136.)  The applicable guidelines range at sentencing was 151 to 188 months in prison based on Defendant's total offense level of 31 and criminal history category of IV.  (ECF No. 140 at 22.)  On January 13, 2022, the Court sentenced Defendant to a 180-month term of imprisonment as contemplated in the parties' Federal Rule of Criminal Procedure ("Rule") 11(c)(1)(C) plea agreement, to be followed by a 36-month term of supervised release.  (ECF No. 139.)  The Court also ordered Defendant to pay restitution in the amount of $691,973.90.  (*Id.*)

On November 15, 2024, Defendant filed the instant motion for sentence reduction based on Amendment 821, which became effective in November 2023 and amended the United States Sentencing Guideline's "status point" provision.  (ECF No. 145.)  The amended status point provision, U.S.S.G. § 4A1.1(e) ("§ 4A1.1(e)"), provides that defendants who receive six criminal history points based on prior criminal convictions now receive zero, rather than two, status criminal history points for committing an offense "while under any criminal justice sentence" such as probation, parole, or supervised release.  The amended provision applies retroactively.  U.S.S.G. § 1B1.10(d).

The parties agree that in this case, § 4A1.1(e) reduces Defendant's criminal history score from eight points to six points, his criminal history category from IV to III, and his guideline range from 151–188 months in prison to 135–168 months in prison.  (ECF No. 145 at 4; ECF No. 146 at 4.)  Defendant has served approximately ten years in custody, and his projected release date with good conduct time is January 21, 2027.  (ECF No. 146-1 at 3.)  In the instant motion, Defendant requests the Court reduce his sentence of imprisonment to a term of 160 months.  (ECF No. 145 at 1.)

///

///

///

2

## II.  STANDARD OF LAW

18 U.S.C. § 3582(c)(2) ("§ 3582(c)(2)") provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The Court follows a two-step approach in determining whether a sentence reduction is warranted under 18 U.S.C. § 3582(c)(2).  *Dillon v. United States*, 560 U.S. 817, 827 (2010).  First, the Court must determine if a retroactive amendment to the Sentencing Guidelines indeed lowers Defendant's guidelines range.  *Id.*  Second, the Court must consider any applicable factors set forth in 18 U.S.C. § 3553(a) ("§ 3553(a)") and determine whether, in its discretion, the reduction is warranted in whole or in part under the circumstances of the case.  *Id.*

## III.  ANALYSIS

As a threshold matter, the parties do not dispute that step one is met because Amendment 821 lowered Defendant's guideline range from 151–188 months in prison to 135–168 months in prison.  (ECF No. 145 at 4; ECF No. 146 at 4.)  Instead, the parties only dispute whether the Court should exercise its discretion to grant a reduction.  Therefore, the Court only addresses the parties' arguments as to step two.

Defendant argues: (1) status points produce overly long sentences and do not predict recidivism; (2) a sentence reduction does not implicate public safety concerns in this case; and (3) the § 3553(a) factors support a sentence reduction.  (ECF No. 145 at 5–10.)  Defendant discusses his difficult upbringing and argues he has built a "remarkable record of rehabilitation" during his time in custody.  (*Id.* at 8.)  Defendant states he suffered no disciplinary violations during his prison term, has a job and has completed vocational training that will help him obtain employment on release, has made regular restitution payments, and has completed various self-improvement courses.  (*Id.*)  Lastly, Defendant contends he has a verifiable and realistic release plan to live with his fiancée in Oakland while he looks for employment.  (*Id.*)

///

3

1    In opposition, the Government argues the Court should deny Defendant's request for a
2 sentence reduction given the substantial benefit he received under the terms of the Rule
3 11(c)(1)(C) plea agreement. (ECF No. 146 at 6.) Specifically, the Government notes that in
4 agreeing to a 180-month term of imprisonment, Defendant received the benefit of a sentence that
5 was 10 years less than the 25-year mandatory minimum term he faced on the 18 U.S.C. § 924(c)
6 charge and the dismissal of additional charges in the underlying Indictment that eliminated his
7 risk of being sentenced to a much longer term of imprisonment. (*Id.* at 7.) The Government
8 contends the 180-month sentence continues to provide Defendant the same substantial benefit,
9 even though it now represents an above-guideline sentence. (*Id.*) In addition, the Government
10 argues the § 3553(a) factors support a 180-month sentence. (*Id.* at 8.)

11   Defendant fails to persuade the Court that a sentence reduction is warranted under the §
12 3553(a) factors. Defendant's offense conduct was extremely serious. Defendant committed four
13 armed robberies within six months of being released from prison and while on supervised release.
14 Defendant not only harmed numerous victims by holding them at gunpoint, but he also caused
15 $691,973.90 in financial harm. Defendant's criminal history is also concerning, as Defendant has
16 prior convictions for theft, drug trafficking with a firearm, and burglary.

17   Moreover, in the Rule 11(c)(1)(C) plea agreement, the parties agreed Defendant should be
18 sentenced to a term of imprisonment of 180 months. (ECF No. 136 at 1–2.); *see Hughes v.*
19 *United States*, 584 U.S. 675, 689 (2018) (noting "[t]he district court can consider the benefits the
20 defendant gained by entering a Type-C agreement when it decides whether a reduction is
21 appropriate"). If the Court accepted the stipulated sentence, the Government agreed to dismiss
22 and not reinstate the remaining counts in the underlying Indictment. (*Id.*) The plea agreement
23 specifically stated the dismissal of the 18 U.S.C. § 924(c) count would permit Defendant to avoid
24 a mandatory, consecutive prison term of 300 months. (*Id.* at 6.) As such, the Court agrees with
25 the Government that Defendant benefited greatly from the Rule 11(c)(1)(C) agreement and
26 concludes that reducing Defendant's sentence further would undermine the need to provide
27 adequate punishment, deterrence, and protection of the public. While the Court commends
28 Defendant on his rehabilitation efforts, the Court finds those efforts do not outweigh the other

factors that support Defendant's 180-month sentence. *See Hughes*, 584 U.S. at 690 ("If the district court concludes that it would have imposed the same sentence even if the defendant had been subject to the lower range, then the court retains discretion to deny relief.").

### IV. CONCLUSION

For the foregoing reasons, the Court DENIES Defendant's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c).  (ECF No. 145.)

IT IS SO ORDERED.

Date: February 6, 2025

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE